**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: December 16, 2008**



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# IN ANF FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **In re:**<br><br>**RIVIERA POOLS, INC.,**<br><br>Debtor. | Chapter 11 Proceeding<br><br>Case No. 2:08-bk-13494-RJH |
| **PARKWAY BANK ARIZONA**<br><br>Movant,<br><br>v.<br><br>**RIVIERA POOLS, INC.,**<br><br>Respondent. | **ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY OF 11 U.S.C. § 362(a) [LOAN NO. 6145-36441]** |

This matter having come before the Court pursuant to a *Motion for Relief from Automatic Stay of 11 U.S.C. § 362(a) (Loan 36441)* filed on November 18, 2008 (Docket Entry No. 56) (the "Motion"), and the Motion having been properly served and noticed, and good cause appearing;

**IT IS HEREBY ORDERED** granting the Motion;

**IT IS FURTHER ORDERED** that all stays and injunctions, including the automatic stay imposed by U.S. Bankruptcy Code § 362(a) are hereby immediately vacated and annulled with respect to that certain real property located at and identified as 4124 East Dynamite Boulevard, Cave Creek, Arizona (the "Real Property") as described in and which is the subject

391345/14708-004 -1-

of a Deed of Trust recorded on May 18, 2006, as Instrument No. 2006-0673401 in the Office of the County Recorder of Maricopa County, Arizona, wherein Movant is the Beneficiary and Ronald Ostlund and Diane Ostlund are Trustor, as modified by a *Modification of Deed of Trust* recorded on April 11, 2007, as Instrument No. 2007-0426777 in the Official Records of the Maricopa County Recorder, executed by Ronald Ostlund and Diane Ostlund as Trustor in favor of Movant as Lender, and an *Assignment of Rents* recorded on May 18, 2006, as Instrument No. 2006-0673402 in the Official Records of the Maricopa County Recorder, executed by Ronald Ostlund and Diane Ostlund as Grantor in favor of Movant as Lender, and all such personal property or fixtures as may serve as security for (1) a Promissory Note dated May 8, 2008, in the principal amount of $297,052.00, (2) a Promissory Note dated March 23, 2007, in the principal amount of $300,000.00, and (3) a Promissory Note dated May 5, 2006, in the principal amount of $200,000.00, all of which were executed by Respondent in favor of Movant, pursuant to which Movant advanced funds to Respondent in the aggregate principal amount of $297,052.00 (hereinafter collectively, the "Collateral").

**IT IS FURTHER ORDERED** that Movant and/or its successors or assigns are hereby authorized to take whatever actions Movant deems appropriate to exercise any and all rights and remedies as to the Collateral under applicable state law and the agreements with the Debtor, including but not limited to, reposing, seizing, storing and protecting the Collateral, conducting or completing a judicial foreclosure or private sale of so much of the Collateral as is the Real Property and/or sale of so much Collateral as is personal property.

**IT IS FURTHER ORDERED** that this Order vacating and annulling the automatic stay imposed by U.S. Bankruptcy Code § 362(a) shall be binding and effective in the event the Debtor converts this case to another chapter under the U.S. Bankruptcy Code.

**IT IS FURTHER ORDERED** waiving the 10-day stay provided by Rule 4001(a)(3), Fed.R.Bankr.P.

**DATED AND SIGNED ABOVE.**